Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant John Botson

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
21 Locust Avenue, Suite #1
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC.,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE AND JOHN BOTSON<br><br>    Defendants. | Case No. 5:12-cv-02048-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:    September 28, 2012<br>Time:    10:00 a.m.<br>Judge:   Hon. Edward J. Davila<br>Courtroom 4, 5th Floor<br>Filed:    April 24, 2012<br>Trial:    None |

      Plaintiff AF Holdings, LLC and Defendant John Botson submit the following joint case management statement in accordance with this court's Standing Order dated July 11, 2011 and Civil Local Rule 16.

**1.    Jurisdiction and Service**

<u>AF Holdings</u>

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 15 ¶ 9), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C §§ 101, et seq., (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal

1

question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to AF Holdings' copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, Defendant Doe and Defendant Botson either reside or committed the complained acts in the State of California. Plaintiff used geolocation technology to trace the IP address that Doe Defendant used to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

<u>Defendant Botson</u>
The basis of this court's subject matter jurisdiction over Mr. Botson is supplemental jurisdiction, based on Plaintiff's federal copyright claims against John Doe. In the event that "John Doe" is not served in connection with the federal claims, the basis for this court's supplemental jurisdiction fails with regard to Mr. Botson.

**2.    Facts**

<u>AF Holdings</u>
Plaintiff is a corporation that holds the copyrights to certain adult entertainment content. Doe Defendant is an alleged copyright infringer. Defendant Botson is the third-party account holder of IP address 71.202.249.178 that was observed by Plaintiff's agents inside a BitTorrent swarm downloading and uploading Plaintiff's copyrighted video without permission from Plaintiff. At this juncture, Defendant Botson is the *only* person who has knowledge as to who the Defendant Doe is – whether the Defendant Doe is in fact Defendant Botson himself, or, for instance, an individual living in Defendant Botson's household.

Defendant Doe, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Defendant Doe operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. Defendant Botson accessed or controlled access to the Internet connection used in performing the unauthorized copying and sharing of Plaintiff's copyrighted works. While Defendant Botson had a duty to secure his network and/or prevent such illegal activities, Defendant Botson negligently (or willingly) allowed Defendant Doe to access Defendant Botson's network, interact with individuals over the BitTorrent network, and infringe on Plaintiff's copyright. While reasonable Internet users ensure that such behavior does not occur, Defendant Botson failed to do so. In so failing, Defendant Botson's negligence damaged Plaintiff.

<u>Defendant Botson</u>
On July 7, 2011, Plaintiff filed suit against 135 "John Does," including the John Doe herein,

identified by distinct IP addresses included with the complaint. (5:11-cv-03336-LHK, hereinafter "AF #1"). During the course of pre-service discovery in that matter, Plaintiff was informed that an IP address allegedly involved in copyright infringement was assigned by the ISP to Defendant Botson at the time of the infringement (though any number of potentially unrelated individuals may have been responsible for the infringement). Upon receiving Defendant Botson's identity, Plaintiff began sending letters demanding settlement from Defendant based on its allegations of infringement. Plaintiff did not request further expedited discovery from the court in the prior matter, and the matter was dismissed in its entirety on March 27, 2012, based upon Plaintiff's failure to timely serve any of the 135 putative defendants.

Plaintiff filed the instant matter (AF #2) on April 24, 2012. The instant action still alleges that an unknown "John Doe" committed copyright infringement. The new action, however, includes an additional claim that Defendant Botson was negligent in failing to secure his internet connection to prevent infringement, thus leading to Plaintiff's damages. Defendant Botson was served on May 10, 2012, in connection with the negligence allegation alone. Plaintiff has still not identified the purported "Doe" defendant, nor have they made any effort to do so, despite the passage of another 148 days since the filing of the instant action.

As described further below, Defendant believes that Plaintiff's cause of action fails to state a claim. In the event that Defendant must file a responsive pleading, Defendant will admit or deny the specific allegations against him. For purposes of the instant statement, let it suffice to say that Defendant disputes a) the existence of a legal duty; b) that any of his actions with respect to his wireless internet connection constituted a breach of legal duty; and c) that the actions that Defendant is alleged to have committed were the legal or proximate cause of Plaintiff's injury, if any has indeed occurred.

### 3. Legal Issues

<u>AF Holdings</u>

Plaintiff states a *prima facie* case for copyright infringement, and has stated a claim for negligence, including all of the necessary elements in its complaint.

<u>Defendant Botson</u>

Plaintiff's negligence claims fail to state a claim upon which relief can be granted. A recently decided matter in this district (CV-12-2049) involving both Plaintiff's and Defendant's counsel accepted precisely the arguments put forward herein. Specifically, as described at length in the pending motion to dismiss, 1) Plaintiff fails to allege a "special relationship" giving rise to a duty to protect Plaintiff from the infringement of third parties; 2) Plaintiff's cause of action is preempted by the Copyright Act; and 3) Defendant is immune from suit via the Communications Decency Act §230 immunity.

Defendant Botson likewise asserts that, if any duty were found to exist, he has not breached such a duty. Even in the event that a duty to Plaintiff was breached, such breach was not the proximate cause of Plaintiff's claimed injuries. Defendant also disputes that a negligence defendant in his position could be held liable for statutory damages under section 505 of the Copyright Act without violating any provision of said act.

Defendant Botson disputes that AF Holdings has standing to pursue the instant copyright and negligence claims.

Defendant reserves the right to bring any counter-claims and affirmative defenses that he may have, in the event that he is required to answer the instant complaint. Defendant anticipates that any such claims or defenses will raise additional legal disputes between the parties.

### 4. Motions

AF Holdings

Plaintiff has not filed any motions in this case.

Defendant Botson

Defendant filed a Motion to Dismiss the initial complaint on May 31, 2012. In response, Plaintiff filed an amended complaint and Defendant's motion was withdrawn. On June 30, 2012, Defendant filed a Motion to Dismiss the First Amended Complaint which is pending before the instant court and scheduled for hearing on September 28, 2012. Defendant anticipates that this matter will be disposed of via the pending Motion to Dismiss.

In the event that Defendant must file an answer, Defendant anticipates bringing a motion under CCP §1030 to secure an award of recoverable costs. Defendant likewise anticipates that many of the issues in dispute can be adjudicated via motion for summary judgment, or motion for partial summary judgment, in the event that they are not summarily dismissed via pre-answer motion.

### 5. Amendment of Pleadings

AF Holdings

Plaintiff filed an Amended Complaint on June 14, 2012 (ECF No. 15.)

Defendant Botson

AF Holdings has filed its first amended complaint. Defendant Botson has not been required to file an answer. Defendant Botson may or may not avail himself of Rule 15's provisions allowing for amendment as matter of right, in the event any responsive pleading is required. Further speculation is premature.

### 6. Evidence Preservation

AF Holdings

Plaintiff's agents engaged in real time monitoring of Doe Defendant associated with IP address 71.202.249.178's infringing activity using its proprietary software. The proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. These processes are designed to ensure that information gathered about Doe Defendant is accurate. Once gathered and it is determined that the information is relevant to an upcoming case this information is stored for trial. Plaintiff has preserved all relevant evidence that it has in its control.

Defendant Botson

Defendant is aware of his obligation to preserve and has taken reasonable steps to preserve all relevant evidence, including electronic evidence, since this duty arose.

**7.     Disclosures**

AF Holdings

Plaintiff is in the process of formulating and filing initial disclosures for the Case Management Conference. At this point, however, Defendant Botson has not yet answered Plaintiff's Amended Complaint.

Defendant Botson

Defendant will comply with the initial disclosure requirements within 14 days after the initial case management conference on September 28, 2012, in accordance with Fed. R. Civ. P. 26.

**8.     Discovery**

AF Holdings

At this point, any further discovery entirely depends on Defendant Botson's future involvement in this case. Plaintiff is hesitant to guess as to that potential involvement.  Should the Court force its hand, AF Holdings intends to pursue discovery related to Mr. Botson's computer and Internet usage—what types, the extent thereof, his interaction with uploading and downloading videos online, etc.—Mr. Botson's general computer security knowledge, Mr. Botson's living circumstances, including, but not limited to, the layout of his house and who he shares it with, Mr. Botson's computer(s) hard drive (and the files contained therein) and server, Mr. Botson's home network setup, and any other issues related to the claims at issue in this case .

Defendant Botson

No discovery has been completed to date.  Defendant Botson anticipates taking depositions of the following persons:     1)  PMK at AF Holdings re: creation, licensing, distribution, and all prior revenues derived from subject work, etc;

2)  If necessary, relevant individuals at Heartbreaker Productions with knowledge regarding creation, licensing, distribution, and revenues derived from subject work, etc.

3) Peter Hansmeier – Technician at Media Copyright Group

4)  Such other individuals that are determined to have significant, relevant information following initial discovery.

Defendant likewise intends to propound written discovery requests and may seek further discovery in support of affirmative defenses and/or counter-claims, in the event that a responsive pleading should become necessary.

**9.     Class Action**

AF Holdings
Not applicable.

Defendant Botson

This case is not presently a class action. Defendant Botson reserves the right to bring any appropriate counter-claims, should a responsive pleading become necessary, though he does not anticipate a class action at this time.

**10.     Related Cases**

AF Holdings

Not applicable

Defendant Botson

There are no cases presently active before another judge of this court. However, 5:11-cv-03336-LHK, involved the same claim of copyright infringement against, inter alia, the same Doe defendant IP address at issue in the instant suit. This suit was previously filed and dismissed. As such, Defendant believes that Plaintiff is therefore required to file a Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 3-3(c), which states that "If any civil action or claim of a civil action is dismissed and is subsequently refiled, the refiling party must file a Motion to Consider Whether Cases Should be Related..."

**11.     Relief**

AF Holdings

 Plaintiff prays for the following relief in this case, as fully outlined in its Amended Complaint: (1) That the Court enter a written judgment declaring that the Doe Defendant infringed Plaintiff's rights in the federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that Doe Defendant has injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Amended Complaint; (3) That the Court issue injunctive relief against Doe Defendant, enjoining and restraining the Doe Defendant and all others in active concert with him/her from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring Doe Defendant to destroy all copies of those unlawfully copyrighted files in Doe Defendant's possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); (4) On Count Four, an order that Defendant Botson is jointly and severally liable to Plaintiff in the full amount of judgment on the basis of Defendant Botson's negligence in allowing an unidentified third party access to his Internet account, and through it, violate Plaintiff's copyrighted works; and (5) That the Court enter a written judgment in favor of the Plaintiff against Defendant for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

Defendant Botson

Defendant will state appropriate counterclaims and seek such relief as he may be entitled, should a responsive pleading be necessary.

**12. Settlement and ADR**

AF Holdings
Defendant has rejected Plaintiff's offers for settlement. The parties have agreed to submit to Early Neutral Evaluation, per this court's ADR program.

Defendant Botson
Defendant has received at least two settlement offers and has rejected each as Defendant denies liability entirely. The parties have agreed to submit to Early Neutral Evaluation, per this court's ADR program.

**13. Consent to Magistrate for All Purposes**

AF Holdings
Plaintiff denied consent to proceed before the Magistrate in this matter. The matter is proceeding before District Judge Davila.

Defendant Botson
Defendant did consent to the Magistrate in this matter. Plaintiff denied consent and the matter is proceeding before District Judge Davila.

**14. Other References**

AF Holdings
None that the parties can identify at this time.

Defendant Botson
This case is not amenable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

AF Holdings
Plaintiff would be more than happy to narrow the issues in this case. Plaintiff believes that this could expedite the case, and lead to a fair and economic result.

Defendant Botson
Defendant's position is that Plaintiff's sole cause of action against the Mr. Botson fails to state a claim, and this position has been accepted by Judge Hamilton in this district. Defendant believes that the determination of the pending Motion to Dismiss will go a long way toward narrowing the issues in dispute, and Defendant is amenable to revisiting the issue following such determination.

**16. Expedited Trial Procedure**

AF Holdings
Plaintiff has no objection to this case being handled in an expedited manner.

Defendant Botson
Defendant may require substantial discovery to establish certain affirmative defenses and/or counterclaims, should a responsive pleading become necessary. As such, defendant is not agreeable to an expedited trial procedure.

**17.   Scheduling**

AF Holdings

Plaintiff has no objection to Defendant's proposed schedule.

Defendant Botson

| | |
|---|---|
| Last Day to Join Parties: | October 19, 2012 |
| Non-expert Discovery Cut-off: | October 4, 2013 |
| Opening Expert Disclosure: | November  8, 2013 |
| Rebuttal Expert Disclosure: | November  29, 2013 |
| Last Day – Dispositive Motions | January 14, 2014 |
| Joint Pretrial Statement Due: | February 7, 2014 |
| Pretrial Conference: | February 21, 2014 |
| Trial: | March 10, 2014 |

**18.   Trial**

AF Holdings

Currently, without knowing the extent of the witnesses and physical evidence that will be presented at trial, Plaintiff would only be making an absolute guess as to how long a trial would take. Should the Court require that guess, Plaintiff would estimate two full days.

Defendant Botson

Defendant would anticipate a trial length of 1-2 days.

**19.   Disclosure  of Non-party Interested Entities or Persons**

AF Holdings

Plaintiff has filed its Certification of Interested Entities or Persons. Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings, other than the parties themselves.

Defendant Botson

   Defendant has complied with Civil L. R. 3-16 and has certified that he is unaware of any interested party related to defendant in this litigation.  Defendant does not believe that Plaintiff has complied with Civil L.R. 3-16, as Plaintiff fails to identify any persons with any interest in AF Holdings, LLC.  Civil L.R. 3-16 requires disclose of "any persons, associations of persons, firms, partnerships, corporations, or other entities other than the parties themselves known by the party to have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding."   Plaintiff therefore seems to assert that AF Holdings is an LLC without any members, or anyone else, that has a financial interest in the company.  Plaintiff has also limited its declaration to "information and belief," though this deprives the declaration of any evidentiary weight that it might have.

**20.    Other**

<u>AF Holdings</u>
None.

<u>Defendant Botson</u>
Defendant is unaware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

DATED: September 20, 2012            Respectfully Submitted,

                                     NICHOLAS RANALLO, ATTORNEY AT LAW


                                     By:     /s/Nicholas Ranallo
                                             Nicholas Ranallo (Cal Bar # 275016)
                                             Attorney for Defendant John Botson
                                             371 Dogwood Way
                                             Boulder Creek, CA 95006
                                             (831) 703-4011
                                             Fax: (831) 533-5073
                                             nick@ranallolawoffice.com




                                             Respectfully Submitted,

                                             PRENDA LAW INC.

DATED: September 21, 2012

                                     By:         /s/ Brett L. Gibbs

                                             Brett L. Gibbs, Esq. (SBN 251000)
                                             Of Counsel to Prenda Law Inc.
                                             21 Locust Avenue, Suite #1
                                             Mill Valley, CA 94941
                                             blgibbs@wefightpiracy.com
                                             *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of September, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

By: /s/Nicholas Ranallo
Nicholas Ranallo