UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AF HODLINGS, LLC, | Case No.: 5:12-CV-02048-EJD |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| JOHN DOE AND JOHN BOTSON, | **[Re: Docket Item No. 17]** |
| Defendants. | |

Presently before the Court is Defendant John Botson's ("Botson") Motion to Dismiss the First Amended Complaint filed by Plaintiff AF Holdings, LLC ("AF Holdings"). Having fully reviewed the parties' papers and considered their arguments, the Court will grant Botson's motion for the reasons described below.

**I. BACKGROUND**

AF Holdings filed this action on April 24, 2012 against Botson and one "John Doe" defendant. See Compl., Docket Item No. 1. The cause of action arises out of the alleged piracy and copyright infringement of one of AF Holdings' copyrighted adult entertainment videos ("the Video"). In its First Amended Complaint, filed June 14, 2012, AF Holdings alleges that the "Doe" defendant unlawfully downloaded, republished, and distributed copies of the Video using an online

1

Case No.: 5:12-CV-02048-EJD
ORDER GRANTING MOTION TO DISMISS

peer-to-peer sharing tool known as BitTorrent. First Am. Compl. at ¶¶ 7, 26. AF Holdings also alleges that Defendant Botson was the holder of the Internet Protocol ("IP") address used for the allegedly unlawful infringement activity at the time of the alleged infringement. Id. at ¶ 4.

AF Holdings brings three claims against the unknown "Doe" defendant: direct copyright infringement in the form of unlawful reproduction, copyright infringement in the form of unlawful distribution, and contributory infringement. Id. AF Holdings' sole claim against Defendant Botson is that of the tort of negligence: that Botson breached an alleged duty to secure his Internet connection by failing to prevent its use for an illegal purpose, namely, Defendant Doe's downloading, republishing, and distributing the Video in violation of Plaintiff's copyright. Id. at ¶¶ 59–60. AF Holdings does not explicitly allege any copyright claim against Botson.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556–57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). "[M]aterial which is properly submitted as part of the complaint may be considered."

Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III. DISCUSSION

AF Holdings' negligence claim essentially rests on a theory that Botson had a duty to secure his Internet connection to protect against unlawful acts of third parties. First Am. Compl. at at ¶¶ 59, 60. AF Holdings contends that Botson breached that duty when he failed to secure his Internet connection after he was on "actual or constructive notice of the use of his Internet connection for an unlawful activity." Id. at ¶ 61.

Botson's Motion to Dismiss is predicated on three grounds, any one of which would be sufficient to show that AF Holdings has failed to state a claim upon which relief could be granted. First, Botson argues that the negligence claim is preempted by § 301 of the Copyright Act. Second, Botson contends that in this situation he has immunity under § 230 of the Communications Decency Act ("the CDA") and thus the negligence claim cannot be sustained as against him. And third, Botson contends that AF Holdings has not sufficiently alleged the elements of negligence because, as a matter of law, Botson had no duty to AF Holdings to secure his Internet connection. The Court will address the merit of each of these contentions below.

**A. Preemption Under the Copyright Act**

Section 301 of the Copyright Act provides that

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

3

Case No.: 5:12-CV-02048-EJD
ORDER GRANTING MOTION TO DISMISS

17 U.S.C. § 301(a). Botson argues that because AF Holdings' negligence claim seeks to protect rights that are identical to rights exclusively protected by the Copyright Act, the claim is preempted.

A preemption analysis under the Copyright Act is a two-step inquiry. Valente-Kritzer Video v. Pinckney, 881 F.2d 772, 776 (9th Cir. 1989); Firoozye v. Earthlink Network, 153 F. Supp. 2d 1115, 1124 (N.D. Cal. 2001). First, it must be determined whether the work that forms the focus of the claim falls within the subject matter of copyright, as described by §§ 102 and 103 of the Copyright Act. Pinckney, 881 F.2d at 776. If so, it must next be determined whether the claim seeks to protect rights that are equivalent to those rights exclusively guaranteed by the Act. Id. If the answer is yes to both queries, then the state-law claim is preempted.

With regard to the first query, it appears undisputed that the Video comes within the subject matter of copyright. In its First Amended Complaint, AF Holdings alleges that the "work at issue . . . is one of [its] adult entertainment videos" to which it holds the copyright. First Am. Compl. at ¶¶ 2, 3. The Video, the subject of AF Holdings' claim against Botson, falls within the Copyright Act not only because it has been copyrighted by AF Holdings, but more simply by virtue of the fact that it is a motion picture. See 17 U.S.C. § 102(a) ("Copyright protection subsists, in accordance with this title, in original works of authorship fixed in a tangible medium . . . [which] include the following categories: . . . (6) motion pictures and other audiovisual works . . . ."); see also AF Holdings, LLC v. Hatfield, No. 12-CV-2049-PJH, 2012 WL 3835102, at *3 (N.D. Cal. Sept. 4, 2012). Therefore, the first prong of the preemption analysis has been met.

Second, in order to determine whether the negligence claim seeks to protect equivalent rights as guaranteed by the Copyright Act, the Ninth Circuit has adopted the "extra element test": if the state law claim contains an extra element beyond a cause of action predicated on the Copyright Act (e.g. unlawful reproduction, distribution, display, etc.), then the claim is not preempted. Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1143 (9th Cir. 2006).

Here, AF Holdings' negligence claim alleges that Botson's actions (or inaction) played a role in the unlawful reproduction and distribution of the Video in violation of the Copyright Act.

4

Case No.: 5:12-CV-02048-EJD
ORDER GRANTING MOTION TO DISMISS

Simply characterizing a copyright infringement claim as a tort does not add the extra element so as to change the nature of the cause of action. See Del Madera Props. v. Rhodes & Gardner, Inc., 820 F.2d 973, 977 (9th Cir. 1987); Laws, 448 F.3d at 1144; Dielsi v. Falk, 916 F. Supp. 985, 992 (C.D. Cal. 1996) (finding preemption under the Copyright Act where defendants' claim "merely recharacterizes a copyright infringement claim as one for negligence"). Therefore, because AF Holdings' negligence claim does not contain an element beyond a copyright infringement cause of action and that claim seeks to protect AF Holdings' copyrighted interest in the Video, the second prong of the preemption element has been met.

Having found that both elements of the two-step Copyright Act preemption analysis to be satisfied, the Court thus finds that AF Holdings' negligence cause of action against Botson is preempted.

**B. Immunity Under the Communications Decency Act**

The Communications Decency Act (CDA) provides, "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The CDA goes onto provide, "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." Id. § 230(e)(3). Botson contends that because AF Holdings' claim would hold him accountable as it would a publisher or speaker of the information in question (i.e. the Video), the claim is barred by CDA.

Immunity under the CDA requests that "(1) the defendant be a provider or user of an interactive computer service; (2) the cause of action treat the defendant as a publisher or speaker of information; and (3) the information at issue be provided by another information content provider." Gentry v. eBay, Inc., 99 Cal. App. 4th 816, 830 (2002).

First, AF Holdings has alleged that Defendant Botson is the provider of a computer service or Internet connection used to pirate the Video. After all, this alleged fact underlies AF Holdings' entire negligence cause of action—that Botson was negligent in allowing the "Doe" defendant to

5
Case No.: 5:12-CV-02048-EJD
ORDER GRANTING MOTION TO DISMISS

1  use his IP address and Internet connection to unlawfully distribute and reproduce the Video. Thus,
2  the first element is met.

3  Second, through its negligence claim, AF Holdings is seeking to treat Botson as an infringer
4  of AF Holdings' copyright or participant in the objectionable activity. This is apparent in the
5  allegation that Botson himself is liable for harm caused by the "Doe" defendant's copyright
6  infringement of the Video. Courts have held that this prong of the CDA immunity test has been met
7  where plaintiffs seek to hold defendants liable for various torts based merely on the fact that the
8  defendant provided the online forum or Internet connection in which the tortious conduct occurred.
9  See, e.g. Delfino v. Agilent Techns. Inc., 145 Cal. App. 4th 790, 806 (2006) (finding the CDA
10 shields an employer from intentional and negligent infliction of emotional distress tort liability
11 where an employee sent threatening messages using the employers' computer system); Kathleen R.
12 v. City of Livermore, 87 Cal. App. 4th 684, 692 (2001) (finding CDA immunity for a public library
13 for various tort causes of action that alleged that the library's only role in the tortious conduct was
14 providing the Internet service to the primary tortfeasor); Carafano v. Metrosplash, Inc., 339 F.3d
15 1119 (9th Cir. 2003) (finding that CDA immunity shielded an online dating service provider
16 against various tort causes of action including negligence).

17 In Delfino v. Agilent, recipients of threatening email messages and electronic bulletin board
18 postings brought tort actions for intentional and negligent infliction of emotional distress against
19 the former employer of the transmitter of the threats whose computer was used by the transmitter.
20 145 Cal. App. 4th 790. The Delfino court held that although the defendant-employer merely acted
21 as the provider of the computer system, the plaintiff's tort claims in essence sought to hold the
22 employer liable for the publication of the threatening messages. Id. Therefore, the Delfino court
23 held, the employer was protected by the CDA. Id. In this case, similarly, AF Holdings does not
24 purport to bring a claim of direct copyright infringement against Botson. However, the negligence
25 cause of action would have the effect of treating Botson as the publisher of damaging content based
26 on Botson's alleged role as the provider of the conduit for the objectionable material. Therefore,

1   this prong of the CDA immunity analysis has been met. See Kathleen R., 87 Cal. App. 4th at 697–
2   98.
3       Third, it is undisputed that the information at issue—the pirated Video—was provided by
4   another content provider, namely the "Doe" defendant; AF Holdings alleges that it was this "Doe"
5   defendant, not Botson, who was the party that unlawfully reproduced and distributed the Video
6   over Botson's Internet connection. Therefore, the third element for CDA immunity has been met.
7   See Delfino, 145 Cal. App. 4th at 807.
8       For these reasons, Defendant Botson has met the qualifications for immunity under § 230 of
9   the CDA.

**C. The Negligence Claim**

AF Holdings argues that neither the Copyright Act nor the CDA are applicable because Botson has committed the tort of negligence. The Court rejects this argument, and for the reasons set forth above, has found that either one of the Copyright Act or the CDA would sufficiently dispose of this claim. Even addressing the merits of negligence claim, the Court nevertheless finds that AF Holdings has failed to state a claim upon which relief can be granted so as to survive Botson's Motion to Dismiss.

The elements of a negligence tort cause of action are duty, breach, causation, and damages. Artiglio v. Corning Inc., 18 Cal. 4th 604, 614 (1998). Botson argues that the negligence claim must be dismissed because AF Holdings has failed to allege facts showing that he had a duty to AF Holdings to protect against infringement.

The existence of a duty is a question of law to be decided by the court. Id.; Bily v. Arthur Young & Co., 3 Cal. 4th 370, 397 (1992). Here, AF Holdings contends that Botson had a duty to take certain affirmative steps to secure his Internet connection to ensure that no conduct amounting to infringement of AF Holdings' copyrights would occur. First Am. Compl. at ¶ 59. As such, the negligence claim does not allege misfeasance, but rather nonfeasance: that Botson failed to

7

Case No.: 5:12-CV-02048-EJD
ORDER GRANTING MOTION TO DISMISS

undertake an action to prevent damage rather than engaging in activities which created the risk of damage.

In Weitrum v. RKO General, Inc., the California Supreme Court explained what effect the distinction between misfeasance and nonfeasance would have on the determination of the defendant's legal duty:

> Misfeasance exists when the defendant is responsible for making the plaintiff's position worse, i.e., defendant has created a risk. Conversely, nonfeasance is found when the defendant has failed to aid plaintiff through beneficial intervention. . . . [L]iability for nonfeasance is largely limited to those circumstances in which some special relationship can be established. If, on the other hand, the act complained of is one of misfeasance, the question of duty is governed by the standards of ordinary care . . . .

15 Cal. 3d 40, 49 (1975). In that regard, a defendant has no duty in situations of nonfeasance unless there exists a special relationship that would give rise to such a duty. Id.; AF Holdings, LLC v. Hatfield, No. 12-CV-2049-PJH, at *2.

AF Holdings has not alleged any special relationship basis for imposing on Botson a legal duty to take affirmative steps to prevent the infringing activity that allegedly occurred over Botson's Internet connection. AF Holdings has also not alleged that Botson engaged in misfeasance which created the risk that AF Holdings' copyright would be violated. Therefore, AF Holdings' negligence claim is based on the unsupported notion that Botson is liable for failing to take affirmative steps to protect AF Holdings' copyright. Because there is no special relationship underlying this claim of duty, the allegation of nonfeasance cannot support a claim of negligence.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, the AF Holdings' negligence cause of action against Botson is DISMISSED. Because the Court finds that amendment would not remedy the deficiencies in this claim, this dismissal is with prejudice.

As for the "Doe" defendant, the Court notes that more than 120 days have passed since the action was first filed on April 24, 2012. AF Holdings has not served the "Doe" defendant with

8

Case No.: 5:12-CV-02048-EJD
ORDER GRANTING MOTION TO DISMISS

summons and complaint. Accordingly, no later than November 2, 2012, AF Holdings shall file proof of service of summons and complaint. If AF Holdings fails to do so, the complaint as to the "Doe" defendant will be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**

Dated: October 3, 2012



EDWARD J. DAVILA
United States District Judge

9

Case No.: 5:12-CV-02048-EJD
ORDER GRANTING MOTION TO DISMISS