**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AF HOLDINGS, LLC, | CASE NO. 5:12-cv-02048 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; DISMISSING CASE** |
| v. | |
| JOHN DOE, et. al., | |
| Defendant(s). | [Docket Item No. 30] |

On October 3, 2012, the court granted Defendant John Botson's ("Botson") Motion to Dismiss the complaint filed by Plaintiff AF Holdings, LLC ("Plaintiff"), and dismissed the sole negligence cause of action asserted against Botson with prejudice. See Docket Item No. 29. In addition, the court advised Plaintiff that it would dismiss this case pursuant to Federal Rule of Civil Procedure 4(m) if Plaintiff did not, by November 2, 2012, file a proof of service of the summons and complaint on the remaining, unidentified "Doe" defendant. Id.

Plaintiff did not comply with the court's order to file the proof of service. Instead, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. See Docket Item no. 30. According to Plaintiff, it has now acquired a sufficient basis to assert claims for direct and contributory copyright infringement against Botson and seeks leave to amend its pleading accordingly.

Ordinarily, leave to amend is granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of Mission Indians v. Rose, 893

F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

Not all of the Rule 15 considerations are created equal; "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

The court has carefully reviewed Plaintiff's Motion in conjunction with the SAC. Notably, Plaintiff did not describe the particular new information which forms the basis for direct or contributory infringement claims against Botson. Indeed, the proposed SAC contains little, if any, new allegations; for the most part, it is identical to the FAC.

This observation becomes central to inquiry required under Rule 15 because allowing Plaintiff to rename Botson as a defendant in this action after Botson successfully moved to dismiss the sole count asserted against him is prejudicial in some rather obvious ways. He will necessarily incur more attorneys fees and need to spend additional time defending against new allegations which may or may not have merit. This prejudice is compounded by the lack of detail provided in Plaintiff's Motion. Without more then what has been presented by Plaintiff, it appears that these allegations could have been asserted against Botson in the first instance.

These same circumstances also warrant a finding that the SAC will cause undue delay. This case was filed in April, 2012, and still has not proceeded past the initial stages of litigation. Had Plaintiff not waited until *after* Botson successfully moved for dismissal before asserting additional causes of action against him, the pleadings could have been either been settled or dismissed in one motion rather than multiple.

Furthermore, the court is concerned that the proposed amendments are sought in bad faith. The timing of this request - after Botson has been dismissed as a defendant and immediately prior to

the final deadline for service - as well as the generality of the motion and SAC are suggestive of an attempt to simply keep the only identified defendant "on the hook."

Since three of the four considerations for amendment under Rule 15 weigh against Plaintiff, the Motion for Leave to File a Second Amended Complaint is DENIED. This case is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m). The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: November 6, 2012



EDWARD J. DAVILA
United States District Judge

3
CASE NO. 5:12-cv-02048 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT;
DISMISSING CASE